# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sidney Crow,                                          Case No. 05-CV-2307 RHK/AJB

             Plaintiff,

v.                                                   **JOINT MOTION IN LIMINE TO
                                                     ADDRESS METHOD OF PRESENTING
Intown Suites Burnsville, L.P.,                      TESTIMONY AND ARGUMENT
                                                     REGARDING CIRCUMSTANCES
             Defendant.               SURROUNDING THE HIRING OF DR.
                                                     LEON PROCKOP OF PLAINTIFFS
                                                     SIDNEY CROW AND BONNIE
                                                     RICHARDSON**

Bonnie Richardson,                                   Case No. 05-CV-2308 RHK/AJB

             Plaintiff,

v.

Intown Suites Burnsville, L.P.,

             Defendant.

Through comments and questioning of other witnesses, defense counsel has raised the specter of an attempt to argue that Plaintiffs' medical expert, Leon Prockop, M.D., was selected and retained because he would give a favorable opinion. Given the unique procedural posture of the case and the circumstances under which Dr. Prockop was retained, such a "hired gun" argument is flatly contrary to the facts and could severely prejudice the Plaintiffs.

In order to avoid this issue playing out in front of the jury, Plaintiffs move the Court in limine to provide guidance to the parties as to the scope of testimony and argument regarding this issue that will be permitted.

As the Court will recall, this case originally came before the Court following a clerk's entry of judgment. Subsequent to that entry of judgment, the Court's calendar clerk notified Plaintiffs' counsel of a date for a hearing on Plaintiffs' Motions for Entry of Default Judgment. In addition, the calendar clerk provided a deadline for submission of damages materials. The timeframe between this call and when the damages materials had to be submitted was approximately six weeks.

Given this short time frame to obtain an expert evaluation and report on each of the Plaintiffs, combined with the unusual and esoteric nature of the medical issues involving a relatively uncommon phenomenon of delayed neurologic sequeli ("DNA")[1] following carbon monoxide poisoning,[1] Plaintiffs' counsel felt it critical to obtain testimony from a truly knowledgeable expert in this unusual area rather than to find somebody with limited qualifications who would render a quick opinion – the exact opposite of the "hired gun."

Accordingly, after doing a literature search to identify principal academic researchers in the field of DNS secondary to carbon monoxide poisoning, Plaintiffs' counsel identified approximately half of a dozen researchers in the United States at various academic institutions and I contacted them and asked them two things: 1) were

---

[1] Indeed, all three of Defendant's medical experts who have been deposed thus far conceded that they lacked expertise in DNS and familiarized themselves with literature on DNS only in conjunction with this case, a subject of a companion motion in limine.

they aware of any colleague who they considered to be an expert in the areas of carbon monoxide and DNS either in the Twin Cities area or the Cincinnati area; 2) would their schedules permit an evaluation of the Plaintiffs and preparation of a report within the timeframe allotted by the Court in connection with the default judgment hearing. The responses indicated that no one knew any expert in this particular field in the Twin Cities or in the Cincinnati area[2], and all but one – Dr. Prockop – indicated that they simply did not have sufficient time in the limited timeframe available to conduct an evaluation and write a report for the Court.

Dr. Prockop indicated that he had an opening in his schedule and that if the Plaintiffs could get to Tampa when he had this opening (just a few days later), he thought that he would have sufficient time to conduct an independent medical examination and provide an expert report for the benefit of the Court. He made it clear that he considered himself an independent and objective academic expert and that he did not have any interest in being a testifying expert in litigation on a routine basis. He also emphasized that he would "call it as he saw it" and would render whatever opinions his evaluation led him to conclude, even if it was unfavorable.

Accordingly, arrangements were made for the Plaintiffs to travel to Tampa for their evaluation by Dr. Prockop. Because the default was vacated, and the matter is now set for trial on the issue of damages,[3] Dr. Prockop will offer testimony to the jury by videotaped deposition.

---

[2] One Cincinnati doctor was suggested but she was not available.
[3] Despite Defendant's vigorous arguments on the issue of liability in opposing the default judgment, the Defendant has now conceded liability and the sole issue to be decided is the measure of damages.

3

Under these circumstances, any suggestion that the Plaintiffs or their lawyer sought out Dr. Prockop and traveled "all the way to Florida" not because of Dr. Prockop's unique expertise but because he would provide a favorable opinion is flatly contrary to the facts and the unusual procedural posture of this case.

One way of addressing this issue would be to preclude defense counsel from making any such arguments or implications. An alternative would be to permit what would otherwise be somewhat unusual testimony from Dr. Prockop and the Plaintiffs themselves as to the circumstances under which they came to see Dr. Prockop, which would involve revealing to the jury the initial entry of default and the short timeframe between the default and the hearing on the motion for default judgment.

Accordingly, Plaintiffs hereby move the Court for guidance in addressing this significant and potentially highly prejudicial issue.

Dated: July 18, 2007                    /s/Corey L. Gordon
                                        Corey L. Gordon, #125726
                                        BLACKWELL BURKE P.A.
                                        33 South Sixth Street, Suite 4600
                                        Minneapolis, Minnesota 55402
                                        Ph: 612.343.3200
                                        Fax: 612.343.3205

                                        **ATTORNEYS FOR PLAINTIFFS**